Filed 9/1/16  P. v. Butler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.C. LEWIS BUTLER,<br><br>    Defendant and Appellant. | B262334<br><br>(Los Angeles County<br>Super. Ct. No. GA090523) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed in part, reversed and remanded in part.

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant L.C. Lewis Butler was charged by information in count 1 with first degree burglary (Pen. Code, § 459)[1] and in count 2 with evading an officer (Veh. Code, § 2800.2, subd. (a)). In each count it also was alleged that defendant had suffered two prior strike convictions under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and that he had served four prison terms (§ 667.5, subd. (b)).

After defendant pled no contest to count 2, a jury trial was held on count 1, with trial on defendant's alleged priors being bifurcated. The jury convicted defendant on count 1. The bifurcated trial on the priors was continued several times, but never held. Nonetheless, the court and parties proceeded as if the priors allegations had been found true.

The court denied defendant's motion to strike his strike convictions (see *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), and sentenced him to term of 35 years to life in state prison: 25 years to life (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) on count 1 plus 10 years for the two five year priors (§ 667, subd. (a)(1)). Appellant's sentence on count 2 was stayed pursuant to section 654.

Defendant appeals from the judgment of conviction, contending that: (1) the case must be remanded for a determination of the alleged priors and resentencing, and (2) the court misunderstood its discretion to strike defendant's prior strike convictions. We agree with the first contention, and decline to consider the second. We therefore reverse the judgment, and remand for further proceedings on the priors allegations and for resentencing.

---

[1]    Undesignated section references are to the Penal Code.

2

# BACKGROUND

Because the evidence at trial is largely immaterial to the issues on appeal, we only briefly summarize it.

*Prosecution Evidence*

On July 31, 2013, around 12:30 p.m., John Crum, who lived on Markwood Street in Duarte, observed three men committing what he thought was a burglary at the home of a neighbor, Liberacion Lazaga. He called the police. As sirens approached, he saw two people run from the house to a car, one of whom jumped into the car through an open window. The car sped off.

Responding to a burglary call, Los Angeles County Deputy Sheriff David Olivas also observed the car and saw someone jump through an open window of the car. He pursued the vehicle, which stopped to let two men out. The car then sped off, but crashed trying to enter the 605 freeway. Defendant got out of the car and surrendered. The car had been rented in defendant's name, and inside was a police scanner set to monitor police communications from Duarte, Diamond Bar, and La Canada. Gloves and two cell phones also were found in the car.

Liberacion Lazaga worked nights, and was at home sleeping when the incident at her house occurred. She was awakened by the sound of a police helicopter and walkie-talkies. When she had gone to sleep, her curtains, back door, and sliding glass door were closed. When she awoke, they were all open and the screen door had been damaged.

Through the testimony of Los Angeles Police Detective David Alvarez, the prosecution introduced evidence of two prior residential burglaries in November 2006 in which defendant was the getaway driver. The evidence was admitted

under Evidence Code section 1101, subdivision (b), to prove defendant's motive, intent, plan, or scheme.

*Defense Evidence*

Defendant testified in his own behalf. He admitted having been convicted of, among other crimes, burglary in 2004 and another burglary committed in 2006. As to the charged burglary in this case, defendant testified that he worked as a talent scout for a record company. A music producer asked him to drive the producer and another man to a location where the producer could pick up some equipment. Defendant was driving a rental car because his car was being repaired. When they arrived at the location, a home, the producer went inside. He later returned and asked the other passenger to help him. Several minutes later, the two men ran to the car, jumped inside and told appellant to "[t]ake off, take off." Defendant panicked, and sped away.

## DISCUSSION

Defendant contends that the case must be remanded for further proceedings on his alleged priors and for resentencing, because the prior allegations were never found true. Respondent concedes the point, and we agree.

The information alleged two prior burglary convictions (one from 2004, and the other from 2007) as prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), prior serious felonies (§ 667, subd. (a)(1)), and as the basis for prior prison terms (§ 667.5, subd. (b)).

As we have noted, before trial, defendant pled no contest to count 2. At that time, defense counsel stated: "Your Honor, if we could bifurcate the issues of the priors at this point. I apologize. Maybe I should have discussed this more and you

4

would have understood. I believe [appellant] will stipulate he has the priors, in the worse [*sic*] case scenario, it is a court trial. We don't need the jury to decide what he is in prison for."

While taking the plea to count 2, the court informed defendant of his maximum sentence and explained that if his priors were later found to be true, the sentence would be greater. But the court took no waivers or admissions related to the alleged priors.

During trial, the prosecution introduced evidence of defendant's commission of two prior residential burglaries. It is not entirely clear that this evidence related to the burglaries alleged in the priors allegations, and in any event the jury was not asked to, and did not, make any true finding of the priors allegations. Further, although in his testimony defendant admitted having been convicted of two prior residential burglaries, those admissions (even if they related to the burglaries alleged in the priors allegations) were made solely for the purpose of assessing his credibility, and not for the purpose of proving the convictions were within the priors conviction allegations.

Following defendant's conviction, the court asked counsel when it would be convenient to schedule the trial on the priors. Defense counsel stated that it appeared defendant would admit the priors allegations and that a court trial would not be necessary. The proceeding was then continued several times.

On February 24, 2015, defendant was finally sentenced. He was not asked to admit the priors allegations. Rather, by oversight, the court and parties proceeded as if the priors had been admitted. The court denied defendant's *Romero* motion, and sentenced him under the Three Strikes law.

Because there was no true finding on the priors allegations, either by trial or admission, we must reverse the judgment and remand for further proceedings on

the priors allegations and for resentencing.[2]  (See *Monge v. California* (1998) 524 U.S. 721, 733-735 [retrial of truth of prior conviction allegations not barred by double jeopardy].)

## DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings on defendant's alleged priors allegations and for resentencing.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

---

[2]  Because we must remand for further proceedings on the priors allegations, we decline to consider defendant's contention that the court misunderstood its discretion in denying his *Romero* motion.